IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ZHOU PING NI, an individual, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-2482 |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES; JANET | ) | |
| NAPOLITANO, in her official | ) | |
| capacity as Secretary, U.S. | ) | |
| Department of Homeland | ) | |
| Security; ALEJANDRO MAYORKAS, | ) | |
| in his official capacity as | ) | |
| Director, U.S. Citizenship & | ) | |
| Immigration Services; LYNEUL | ) | |
| W. DENNIS, in his official | ) | |
| capacity as Field Office | ) | |
| Director, U.S. Citizenship & | ) | |
| Immigration Services, Memphis | ) | |
| Tennessee, | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff Zhou Ping Ni's ("Ni") Motion for Summary Judgment and the Motion for Summary Judgment of Defendants the United States Citizenship and Immigration Services ("USCIS"), Janet Napolitano, in her official capacity as the Secretary of the Department of Homeland Security ("DHS"), Alejandro Mayorkas, in his official capacity as Director of USCIS, and Lyneul W. Dennis, in his official capacity as the

Field Office Director of USCIS in Memphis, Tennessee (collectively, "Defendants"). (Pl.'s Mot. for Summ. J., ECF No. 24; Defs.' Mot. for Summ. J., ECF No. 23.) Defendants responded to Ni's Motion for Summary Judgment on April 30, 2012, and Ni replied on May 7, 2012. (Defs.' Resp., ECF No. 27; Ni's Reply, ECF No. 31.) Ni responded to Defendants' Motion on April 30, 2012, and Defendants replied on May 7, 2012. (Ni's Resp., ECF No. 28; Defs.' Reply, ECF No. 30.) For the following reasons, the Court GRANTS Defendants' Motion and DENIES Ni's Motion.

**I. Background**

The parties rely on the administrative record in this matter, but dispute the application of law. Ni is a citizen of the People's Republic of China. (Certified Administrative Record 404, ECF No. 22 ("CAR").) On February 17, 1994, Ni arrived at John F. Kennedy Airport ("JFK"). (Id. 407.) He carried no travel documents because he had destroyed them on the airplane. (Id.) On arrival, he applied for admission into the United States as an immigrant without a visa. (Id. 411.) Officers of the Immigration & Naturalization Service ("INS") intercepted Ni at JFK and interviewed him.[1] (Id. 407; 333–335.)

After the interview, Ni was served with Form I-546, an Order to Appear for Deferred Inspection, and released on his own

---

[1] The INS ceased to exist in 2003, when most of its functions were transferred to three branches of the Department of Homeland Security: United States Citizenship and Immigration Services, United States Immigration and Customs Enforcement, and United States Customs and Border Protection.

2

recognizance. (Id. 407.) Form I-456 instructed him to appear at the INS's offices on March 10, 1994, to complete his inspection. (Id. 407.) Ni appeared on March 10 and Immigration Inspector J. Dupuy interviewed him. (Id. 406.) The day after the interview, Ni was served with Legacy INS Form I-22, which informed him that he was not admissible because he had no valid immigration visa, travel document, or non-immigrant visa, and scheduled him for an exclusion hearing before an immigration judge. (Id. 404.)

Before the immigration judge, Ni conceded that he was excludable but moved for asylum or withholding of removal. (Id. 271-2.) The immigration judge found that Ni was not eligible for asylum or withholding of removal and recommended his deportation. (Id. 322.)

Ni appealed to the Board of Immigration Apeals ("BIA"), which denied his appeal on April 6, 1995. (Id. 258, 248.) Ni moved to reopen his asylum application in December of 2001, but his motion was denied by the BIA on April 30, 2003. (Id. 229, 221.) Ni was served with notice to depart the United States on November 30, 2004, but he has not left. (Id. 220.)

Ni's son, Chun Jin Ni, is a United State citizen. (Id. 203, 208.) On September 4, 2009, Chun Jin Ni filed an I-130, "Petition for an Alien Relative," on Ni's behalf. (Id. 200.) USCIS granted the petition on September 24, 2010, and recognized

3

the family relationship. (Id. 200.) Simultaneously with the filing of his son's petition, Ni filed an I-485, an application for adjustment of status pursuant to 8 U.S.C. § 1255. (Id. 186.) On October 1, 2010, USCIS denied Ni's application on the ground that he was never admitted into the United States. (Id. 21.) Ni's motion to reopen his I-485 application was also denied. (Id. 1.) The Denial stated that he had not been paroled into the United States and did not enter lawfully. (Id. 3.) Ni filed this Complaint on June 14, 2011, to challenge USCIS's denial of his adjustment of status. (Id. 32.)

## II. Jurisdiction

Although Defendants do not contest jurisdiction, the Court has an independent obligation to ensure that it has subject-matter jurisdiction. Daft v. Advest, Inc., 658 F.3d 583, 590 (6th Cir. 2011). Ni brings suit against Defendants for a declaratory judgment that the agency's action was arbitrary and capricious. The Administrative Procedure Act ("APA") provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA does not provide jurisdiction if the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

4

Eight U.S.C. § 1252(a)(2)(B)(I) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255." A rejection of an adjustment of status is a matter of agency discretion and is not reviewable. Pinho v. Gonzales, 432 F.3d 193, 203 (3d Cir. 2005). However, when a denial is a matter of law, agency discretion is not dispositive, and the agency's determination is subject to judicial review. Id. at 204; accord Ruiz v. Mukasey, 552 F.3d 269, 276 n.5 (2d Cir. 2009); Ayanbadejo v. Chertoff, 517 F.3d 272, 276077 (5th Cir. 2008). Ni also alleges that the USCIS committed a clear legal error. (Compl. ¶ 25.) The decision to deny Ni an adjustment of status is reviewable, and the Court has jurisdiction.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56, on motion of either party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "However, in the case of a district court reviewing final agency action, the rules governing summary judgments do not apply because of the limited role of a court in reviewing the administrative record." Forest Serv. Employees For Envtl. Ethics v. United States Forest Serv., 689 F. Supp. 2d

891, 894-95 (W.D. Ky. 2010) (citing City of Cleveland v. Ohio, 508 F.3d 827, 838 (6th Cir. 2007)).

The APA provides that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The APA limits the scope of judicial review to a review of the administrative record. 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."). The arbitrary and capricious standard is "narrow and the court should not substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983). Although the court is deferential to the agency decision, the agency must "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Forest Serv., 689 F. Supp. 2d at 895 (citation and internal quotation marks omitted).

**IV. Analysis**

Ni seeks an adjustment of status. To be eligible for a status adjustment, an alien must be "inspected and admitted or paroled into the United States . . . [and] admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). "Any alien who entered the United States in transit without a

visa" or "who was not admitted or paroled following inspection by an immigration officer" is not eligible for an adjustment of status. 8 C.F.R. § 245.1. "By statute, two categories of aliens are eligible to apply. First is an alien who was inspected and admitted. Second is an alien who was paroled." Succar v. Ashcroft, 394 F.3d 8, 24 (1st Cir. 2005); accord Delgado-Sobalvarro v. United States Att'y Gen., 625 F.3d 782, 787 (3rd Cir. 2010).

There are two types of parole: "parole in the United States" pursuant to 8 U.S.C. § 1182(d)(5)(A) and "conditional parole" pursuant to 8 U.S.C. § 1226(a)(2)(B). Parties paroled conditionally are not entitled to an adjustment of status, which Ni does not dispute. Cruz-Miguel v. Holder, 650 F.3d 189, 198 (2d Cir. 2011). Ni asserts he was paroled under 8 U.S.C. § 1182(d)(5)(A), which provides that the Attorney General may:

> [i]n his discretion parole into the United States temporarily . . . on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as admission of the alien and when the purposes of such parole shall . . . have been served that alien shall fortwith return or be returned to the custody form which he was paroled.

8 U.S.C. § 1182(d)(5)(A); see also Castillo-Padilla v. United States AG, 417 F. App'x 888, 890 (11th Cir. 2011) (recognizing that parole into the United States pursuant to § 1182(d)(5)(A) makes one eligible for adjustment of status).

7

On February 17, 1994, Ni was served with an INS Form I-546. (CAR 407.) That form provided that Ni appeared to be excludable under and did not appear to be admissible to the United States under 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) and (a)(7)(B)(i)(I).[2] The form noted that the INS would defer ruling on Ni's status pending the outcome of the prosecution of the individual who helped him enter the United States, and Ni was paroled for deferred inspection. Parole for deferred inspection is allowed under 8 C.F.R. § 235.2, which provides that an examining officer can defer examination if the officer "has reason to believe that the alien can overcome a finding of inadmissibility." Eight C.F.R. § 235.2 provides that "such deferral shall be accomplished pursuant to the provisions of [8 U.S.C. § 1182(d)(5)] for the period of time necessary to complete deferred inspection." See also Basra v. Napolitano, No. 09-4264, 2010 U.S. Dist. LEXIS 25430, at *5 (D. N.J. March 17, 2010) (holding that deferred parole "is consistent with the limited exception under 8 U.S.C. § 1182(d)(5)(A).").

Defendants argue that Ni was not paroled pursuant to 8 U.S.C. § 1182(d)(5), but an agency's interpretation of its regulations is only entitled to deference if the regulation is ambiguous. Covenant Med. Ctr., Inc. v. Sebelius, 424 F. App'x

---

[2] Section 1182 (a)(7)(A)(i)(I) provides that aliens who lack a valid visa, reentry permit, border crossing identification card, or other entry document are inadmissible. Section 1182 (a)(7)(B)(i)(I) provides that nonimmigrants who lack a valid passport are inadmissible.

8

434, 436 (6th Cir. 2011) (citing Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)). The applicable regulations provide that deferred parole is parole pursuant to § 1182(d)(5), and Ni was paroled into the United States.

Ni's parole did not, however, allow him to remain in the United States indefinitely. His asylum claim was rejected on November 21, 1994. (CAR 275-323.) The immigration judge denied Ni's request for withholding of deportation and asylum and ordered that Ni be deported pursuant to 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) and (a)(7)(B)(i)(I). Ni was served with an order to depart from the United States on November 30, 2004. (CAR 220.)

Section 1182(d)(5) provides that when "the purposes of [] parole. . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). "[A]n alien derives no superior status . . . when parole is revoked." Samirah v. Holder, 627 F.3d 652, 660 (7th Cir. 2010); see also Ashraf v. United States Immigration & Customs Enforcement, No. 1:10 CV 2482, U.S. Dist. LEXIS 28620, at *5-7 (N.D. Ohio March 21, 2011). Once Ni's parole was revoked, he was no longer able to apply for an adjustment of status based on his parole.

9

Ni was never admitted into the United States.  Parole under 8 U.S.C. § 1182(d)(5) "shall not be regarded as an admission of the alien" into the United States.  See also Cruz-Miguel, 650 F.3d at 198 ("[S]uch parole does not grant the alien 'admission' to the United States.").  Ni is not eligible for an adjustment of status.

**V.     Conclusion**

For the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED, and Ni's Motion for Summary Judgment is DENIED.


So ordered this 21st day of August, 2012.


                                    s/ Samuel H. Mays, Jr._____
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE